IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dennis L. Williams, | : | |
| | : | Case No. 1:09-cv-743 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING IN PART AND |
| United Steel Workers of America, AFL-CIO, | : | DENYING IN PART STEELCRAFT'S |
| Local 7697, *et al.*, | : | MOTION TO DISMISS AND |
| | : | GRANTING LOCAL 7697'S MOTION |
| Defendants. | : | TO DISMISS |

This matter is before the Court on Defendants' Motions to Dismiss (Docs. 19, 20). Plaintiff Dennis L. Williams brings this suit against his former employer, Defendant Steelcraft, Inc./Ingersoll-Rand Company ("Steelcraft"), and his union, Defendant United Steel Workers of America, AFL-CIO, Local 7697 ("Local 7697"), after Steelcraft terminated his employment and Local 7697 unilaterally withdrew his pending grievance from arbitration. For the reasons that follow, the Court will **GRANT IN PART AND DENY IN PART** Steelcraft's Motion to Dismiss and **GRANT** Local 7697's Motion to Dismiss.

## I. BACKGROUND

### A. Factual Allegations

The following factual allegations are derived from Williams' Amended Complaint (Doc. 15).

Williams was employed by Steelcraft for thirty years beginning in 1976. Local 7697 was the certified bargaining agent for Williams and other employees with Steelcraft. On May 15, 2006, Williams suffered an injury while operating a forklift for Steelcraft. Williams was

1

authorized by his team leader and direct supervisor to go to the restroom for initial treatment. Mr. Parson, the Labor Relations Manager of Steelcraft, "ordered the taking of a drug test when learning only that Williams had left the scene." (*Id.* ¶ 12.)[1] Williams then was taken to an urgent care facility for treatment. During the course of his treatment, Steelcraft required him to undergo a drug screen by an uncertified laboratory. Steelcraft suspended Williams pending the results of the drug screen. Williams "purportedly tested positive for illegal substances." (*Id.* ¶ 17.) Steelcraft terminated Williams on May 25, 2006 for violating Employer's Work Rule #5 which prohibited the use, possession, or being under the influence of alcohol or drugs at work.

Williams was fifty-five years old on the date of his termination. He was required to take early retirement as a result of his termination, which resulted in the loss of pension benefits.

Williams filed a grievance in accordance with his rights under the contract between Steelcraft and Local 7697. Local 7697 notified Williams in a letter dated November 29, 2006 that it had determined that the grievance had merit and had appealed the grievance to arbitration.

On December 19, 2006, Williams' claim for unemployment compensation was denied by the Unemployment Compensation Review Commission. He appealed that denial to the Court of Common Pleas for Hamilton County, Ohio. The Court of Common Pleas determined that Williams had been unjustifiably terminated and vacated the unemployment compensation decision. Specifically, the Court of Common Pleas determined that Steelcraft had not established a violation of Work Rule #5.

---

[1] Williams alleged that Mr. Parson was the "Labor Relations Manager of Defendant" without explicitly identifying to which defendant he was referring. (*Id.* ¶ 12.) However, the Court concludes that Mr. Parson must be a manager for Steelcraft based upon a totality of the allegations.

After the court case, Williams' attorney made numerous inquiries to Local 7697 regarding the status of his grievance and arbitration. Local 7697 did not respond to his inquiries. Pursuing the grievance and arbitration appeared to Williams "to be a vain act" because Steelcraft and Local 7697 only held approximately two arbitrations per year and there were over 150 pending grievances as of December 19, 2006.

On April 13, 2009, Robert Armentrout, a Local 7697 representative, informed Williams' attorney that the union was withdrawing the grievance and arbitration as non-meritorious. Williams' attorney requested written notification of the withdrawal, but received no response.

On August 13, 2009, Williams filed with the EEOC separate charges of discrimination against Local 7697 and Steelcraft alleging age and race discrimination. The EEOC issued a notice of right to sue as to the charge of discrimination against Steelcraft on October 13, 2009.

A final note to the factual allegations, after the Amended Complaint was filed, the EEOC issued a notice of right to sue dated January 8, 2010 as to the charge of discrimination against Local 7697. (Doc. 24-1.)

**B.     Procedural History**

Williams filed his initial Complaint against Steelcraft and Local 7697 on October 13, 2009. Defendants filed separate Motions to Dismiss on November 24, 2009 and December 7, 2009. Williams filed an Amended Complaint on December 7, 2009 and the Court denied the initial dismissal motions as moot.

Williams alleges seven causes of action in the Amended Complaint:

(1) Racial discrimination in violation of 42 U.S.C. § 1983 and Title VII;
(2) Age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*;
(3) Unfair representation pursuant to 29 U.S.C. § 185;

3

(4) Wrongful termination in breach of Ohio public policy;
(5) Breach of contract against Steelcraft only;
(6) Violation of ERISA; and
(7) Interference with contract against Steelcraft only.

(Doc. 15 ¶¶ 34-47.)

Defendants now have moved to dismiss the Amended Complaint. The parties have briefed the pending motions and the motions are ripe for consideration.

## II.     STANDARDS FOR RULE 12 MOTIONS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, this tenant is inapplicable to legal conclusions, or legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). Courts also can consider "public records [and] matters of which a court may take judicial notice" on a Rule 12(b)(6) motion. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) *abrogated in part on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

## III. ANALYSIS

Steelcraft moves to dismiss all seven causes of action alleged against it. Local 7697 moves to dismiss the age discrimination, race discrimination, wrongful termination, and ERISA claims alleged against it.

### A. Race and Age Discrimination

Williams alleges claims against Defendants for race and age discrimination. Defendants move to dismiss these claims on a variety of grounds.

#### 1. 42 U.S.C. § 1983 Claims

Defendants move to dismiss the race discrimination claims asserted pursuant to 42 U.S.C. § 1983 on the grounds that Williams failed to state claims upon which relief can be granted. Section 1983 creates a cause of action to remedy constitutional violations as follows:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State* . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). Williams failed to allege that Defendants were acting under the color of state law or to allege any basis upon which the Court could so find. Therefore, Williams failed to state a claim for race discrimination in violation of 42 U.S.C. § 1983. The Court will dismiss the § 1983 claims against Defendants.

### 2. Title VII and ADEA Claims

As to the Title VII race discrimination claim and the ADEA age discrimination claims, Steelcraft moves to dismiss on the basis that Williams failed to file a timely charge of discrimination with the EEOC or the appropriate state agency. Title VII and the ADEA provide that charges of discrimination must be filed within three hundred days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII procedures); 29 U.S.C. § 626(d)(1) (ADEA procedures). Steelcraft contends that Williams had to file a timely charge of discrimination within three hundred days after his termination on May 25, 2006. Instead, Williams did not file his discrimination charges until more than three years later on August 13, 2009.

The Sixth Circuit has held that "[p]rior to . . . bringing suit under Title VII in federal court, a plaintiff alleging discrimination must perform two administrative prerequisites: (1) file timely charges of employment discrimination with the EEOC, and (2) receive and act upon the EEOC's statutory notice of the right to sue." *Brown v. City of Cleveland*, 294 F. App'x 226, 233 (6th Cir. 2008). Likewise, the "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of an . . . ADEA action." *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002). The timeliness of a discrimination charge depends upon when the alleged unlawful employment practice occurred. The Supreme Court has instructed that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). The alleged wrongful act taken against Williams—his termination—occurred when it happened on May 25, 2006.

Without citation to binding authority, Williams argues to the contrary. He contends that

his termination was not effective, or did not happen, until Local 7697 withdrew his grievance and arbitration on April 13, 2009.  However, the Supreme Court has rejected a similar argument.  In *International Union of Electrical, Radio and Machine Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, the plaintiffs asserted that "the date 'the alleged unlawful employment practice occurred' is the date of the conclusion of the collective-bargaining agreement's grievance-arbitration procedures."  429 U.S. 229, 234 (1976).  The Court disagreed and held that the pendency of grievance or arbitration procedures did not toll the EEOC deadlines.  *Id.* at 236-40; *see also National R.R. Passenger Corp.*, 536 U.S. at 111 (explaining *Robbins & Myers*).  The Court, accordingly, holds here that the alleged unlawful employment action by Steelcraft occurred the date that Steelcraft terminated Williams, not the date Local 7697 withdrew his grievance from arbitration.  The Court will dismiss the Title VII race discrimination and the ADEA age discrimination claims against Steelcraft on the basis that Williams failed to file a timely EEOC charge.

Local 7697 also moves to dismiss the Title VII race discrimination and ADEA age discrimination claims, but on different grounds.  Local 7697 contends that Williams failed to allege facts which plausibly suggest that he was discriminated against on the basis of his race or age.  In responding to Local 7697's motion, Williams relies on allegations not pleaded in the Amended Complaint and he confuses his claims against Local 7697 with his claims against Steelcraft.  First, Williams states new factual allegations in his memorandum opposing the dismissal motion—including that other employees who suffered workplace injuries were not required to take drug tests—which he contends makes it plausible that he was terminated on the basis of his race or age.  (Doc. 24 at 2.)  However, for purposes of adjudicating the dismissal

7

motions, the Court cannot consider factual allegations which Williams states in his brief but did not plead in the Amended Complaint.[2] Second, Williams' claim against Local 7697 does not arise from the fact of his termination. Steelcraft, not Local 7697, terminated Williams. Williams does not plead any facts suggesting that Local 7697 influenced the termination decision. Williams' claims against Local 7697, if any exist, could arise only from Local 7697's handling of Williams' grievance.

The following facts from the Amended Complaint are relevant to Williams' race and age discrimination claims against Local 7697. Williams alleges that he was fifty-five years old when he was terminated and that he is "Black." (Doc. 15-1.) Williams alleges that Local 7697 made an initial determination to arbitrate his grievance as meritorious, but then withdrew his grievance as non-meritorious more than two years later on April 13, 2009. Williams also alleges that Local 7697 did not respond to numerous requests for information about the status of his grievance nor to his request for a written notification of the withdrawal of the grievance. The only other allegation in the Amended Complaint concerning the grievance and arbitration is Williams' assertion that the processes "appear[ ] to be a vain act since [Steelcraft] and [Local 7697] only hear approximately two (2) Arbitrations per year and as of the date of his [unemployment compensation] hearing of December 19, 2006, there was [*sic*] over 150 grievances pending." (Doc. 15 ¶ 30.)

These factual allegations are not "enough to raise a right to relief" for race or age

---

[2] Additionally, even if the Court could consider the allegations stated in Williams' brief, Williams failed to identify the race or age of the purported comparators. (Doc. 24 at 2.) The Court could not infer race or age discrimination by contrasting how Defendants treated Williams versus how they treated the purported comparators.

discrimination against Local 7697 "above the speculative level." *Twombly*, 550 U.S. at 555 (setting forth the pleading standard). Williams pleads no facts from which the Court can infer that Local 7697's conduct was motivated by race- or age-animus. For example, he does not allege in the Amended Complaint that Local 7697 treated similarly-situated non-Black employees who had pending grievances more favorably than Williams was treated nor does he allege that any Local 7697 officials made discriminatory statements.[3] Williams does assert in conclusory fashion that "younger workers are treated more favorably[,]" (Doc. 15 ¶ 37), but that allegation is an insufficient "formulaic recitation of the element[] of a cause of action." *Twombly*, 550 U.S. at 555. Williams did not plead any facts to support this conclusory allegation or explain in what manner younger workers were treated more favorably. *See Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 785-86 (6th Cir. 2007) (affirming a district court decision that "the Workers failed to state a claim because, 'although they allege that they were replaced, [they] do not allege facts necessary to support the factual allegation that they were replaced with younger workers.'") Instead, the allegations in the Amended Complaint suggest the inference that Local 7697, like Williams, determined that continuing to arbitrate the grievance would be a vain act in light of the number of grievances pending and the length of time Williams' grievance had been pending. For these reasons, the Court will dismiss the Title VII race discrimination and ADEA age discrimination claims against Local 7697.

**B.    Unfair Representation**

Williams alleges that the "conduct of Defendants constitute a conspiracy or concert of

---

[3] In providing these examples, the Court does not mean to foreclose the possibility that other types of allegations might give rise to an inference of discrimination.

action in representation of Plaintiff under the labor laws of the United States of America and is brought pursuant to 29 U.S.C. § 185." (Doc. 15 ¶ 39.) Only Steelcraft moves to dismiss this claim. Section 301 of the Labor Management Relations Act ("LMRA") provides for suits between employers and labor organizations or between labor organizations. 29 U.S.C. § 185(a). It also provides that any "labor organization may sue or be sued as an entity and in behalf of the employees whom it represents." 29 U.S.C. § 185(b). The right to fair representation arises from the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b), and provides that a union's "statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967); *see also Marentette v. Local 174, United Auto Aerospace and Agri. Workers of Am.*, 907 F.2d 603, 615 (6th Cir. 1990) (same).

Steelcraft was Williams' employer. As such, Steelcraft had no duty to provide fair representation to Williams. Williams fails to provide any authority for his assertion that an employer can be liable for unfair representation, even if the employer conspired with the union. For these reasons, the Court will dismiss the unfair representation claim against Steelcraft.

**C.    Wrongful Termination**

Williams alleges that the conduct of Defendants resulted in his wrongful termination in violation of Ohio public policy. Both Defendants move to dismiss this claim. To begin, as to Local 7697, Williams pleads no facts suggesting that the union caused or influenced his termination. His claim against Local 7697 necessarily fails. Additionally, Williams cannot hold Steelcraft liable for wrongful discharge in violation of public policy because he is a member of a

union whose employment was governed by a collective bargaining agreement. The Supreme Court of Ohio has held that a union employee is not an employee-at-will, and therefore, cannot state a claim for wrongful termination in violation of Ohio public policy. *Haynes v. Zoological Soc. of Cincinnati*, 73 Ohio St. 3d 254, 257-58, 652 N.E.2d 948 (1995); *see also Staunch v. Continental Airlines, Inc.*, 511 F.3d 625, 632 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 223 (2008) (same). The Court will dismiss this claim as to both Defendants.

**D.      Breach of Contract and Interference with Contract**

Williams alleges his breach of contract and interference of contract claims against Steeltech only. The only contract which Williams identifies in the Amended Complaint is the collective bargaining agreement between Steelcraft and Local 7697. Steelcraft moves to dismiss on the basis of LMRA preemption. The Court agrees that the state law claims are preempted by the LMRA. Section 301 of the LMRA, 29 U.S.C. § 1985, preempts "any state-law claim arising from a breach of a collective bargaining agreement." *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (*en banc*). Williams concedes that his claims arise from a violation of the collective bargaining agreement. (Doc. 23 at 6.) As such, both claims are preempted by § 301 of the LMRA.

The finding that the state law contract claims are preempted by § 301 compels either that the claims be treated as § 301 claims, and resolved by applying uniform federal labor law principles, or be dismissed. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (holding that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law"); *Farmer v.*

11

*General Mills Cereals Props., LLC*, No. C-1-05-100, 2005 WL 1705090, at *6 (S.D. Ohio July 20, 2005) (same). The Court will treat these claims as LMRA § 301 claims in lieu of dismissal.

**E.     ERISA CLAIM**

Williams asserts in this claim that the "conduct of Defendants is a pretext to prevent pension benefits due [him]." (Doc. 15 ¶ 45.) The Court understands Williams to be alleging a claim for a violation of ERISA § 510, which makes it unlawful for any person to interfere with a participant's attainment of any right due under a benefits plan. 29 U.S.C. § 1140. Defendants move to dismiss on the grounds that Williams has failed to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 570 (stating Rule 12(b)(6) standard). To establish an ERISA claim, a plaintiff must allege both prohibited conduct by the defendant and that defendant engaged in the conduct with the specific intent to violate ERISA. *See Crawford v. TRW Auto. U.S. LLC*, 560 F.3d 607, 613-15 (6th Cir. 2009), *cert. denied*, — S. Ct. —, 2010 WL 58769 (Jan. 11, 2010); *Faller v. Children's Hosp. Med. Center*, No. 1:08-cv-392, 2009 WL 29878, at *1 (S.D. Ohio Jan. 5, 2009).

To support his conclusory allegation that Defendants acted "to prevent pension benefits due [him]," Williams pleads only that his termination "result[ed] in a loss of pension benefits." (Doc. 15 ¶¶ 20, 45.) However, a court cannot infer specific intent to violate ERISA from the mere fact that a plaintiff's termination lessened his amount of future benefits. Proof of specific intent is required to establish an ERISA § 510 violation because the loss of benefits is incidental to every termination. *See Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1113 (6th Cir. 2001). In the absence of additional factual allegations, Williams fails to plead a claim for ERISA interference that is plausible as opposed to merely possible. *See Iqbal*, 129 S. Ct. at

1949 (stating plausibility standard). The Court, therefore, will dismiss the ERISA claim as to both Defendants.

## IV. CONCLUSION

For the foregoing reasons, Steelcraft's Motion to Dismiss (doc. 19) is **GRANTED IN PART AND DENIED IN PART** and Local 7697's Motion to Dismiss (doc. 20) is **GRANTED**. Steelcraft's Motion to Dismiss is denied insofar as the Court will not dismiss the purported state law claims for breach of contract and interference with contract, but instead will treat the claims as a LMRA § 301 claim. Accordingly, the only claim remaining for adjudication is a hybrid claim pursuant to LMRA § 301 against Steelcraft for breach of the collective bargaining agreement and against Local 7697 for breach of the duty of fair representation.

IT IS SO ORDERED.

    ___s/Susan J. Dlott_____
    Chief Judge Susan J. Dlott
    United States District Court